**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| vs. | § | 1:17-cr-405-RP |
| | § | |
| **YASSER FABRICIO RIVERA-BONILLA** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE ROBERT PITMAN
     UNITED STATES DISTRICT JUDGE

Before the Court is the petition of the United States Probation Office recommending that the Court revoke Defendant's term of supervised release. Dkt. 29. The undersigned Magistrate Judge submits this Report and Recommendation to the District Court, pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

**I. Procedural Background**

On March 15, 2018, Defendant Yasser Fabricio Rivera-Bonilla was sentenced to twenty-one months imprisonment, followed by a three-year term of supervised release, for Illegal Reentry into the United States, in violation of 8 U.S.C. § 1326. Dkt. 27. His supervision commenced on June 7, 2019, and the Probation Office filed a Petition for Warrant or Summons for Offender under Supervision ("Petition") on January 4, 2021. Dkt. 29.

In the Petition, the Probation Office alleges that Mr. Rivera-Bonilla, a citizen of Honduras, was formally removed from the United States to Honduras on or about June 19, 2019, and

encountered by a United States Border Patrol agent near Rio Bravo, Texas, on December 15, 2020. *Id.* at 2. The Petition further alleges that Mr. Rivera-Bonilla was in the United States without permission, and that he did not report to the nearest probation office on his return to the United States, in violation of the following two conditions of his Supervised Release:

- Mandatory Condition No. 1: "The defendant shall not commit another federal, state, or local crime during the term of supervision."

- Standard Condition No. 17: "If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release. The defendant shall not illegally re-enter the United States. If the defendant is released from confinement or not deported, or lawfully re-enters the United States during the term of probation or supervised release, the defendant shall immediately report in person to the nearest United States Probation Office."

*Id.* A criminal complaint was filed on December 16, 2020, in the Southern District of Texas, Laredo Division, charging Mr. Rivera-Bonilla with Illegal Reentry into the United States, Case No. 5:20-mg-02519. *Id.* Subsequently, Mr. Rivera-Bonilla was ordered committed to this District. Dkt. 30. A preliminary and final revocation hearing is set for 1 p.m. on March 1, 2021, before the undersigned Magistrate Judge. Dkt. 39. Mr. Rivera-Bonilla has instructed counsel to waive his preliminary hearing. Dkt. 40 at 1.

## II.  Analysis

Pursuant to Fed. R. Crim. P. 32.1(b)(2) and (c), a person may waive a revocation hearing, and a hearing before modifying the conditions of probation or supervised release is not required if: (A) the person waives the hearing; or (B) the relief sought is favorable to the person and does not extend the term of supervised release; and (C) an attorney for the government has received notice of the relief sought, has had reasonable opportunity to object, and has not done so.

On February 26, 2021, the parties submitted an Agreed Recommended Disposition in Final Revocation Proceeding and Waiver of Defendant's Appearance and Waiver of Hearing ("Agreed Recommended Disposition"). Dkt. 40. The Agreed Recommended Disposition states that Mr. Rivera-Bonilla wishes to plead true to violating Mandatory Condition No. 1 and Standard Condition No. 17. *Id.* at 1-2.

The filing further states that Mr. Rivera-Bonilla's counsel has reviewed the Petition and the Amended Adjustment Summary prepared by the Probation Office (Dkt. 37) with Mr. Rivera-Bonilla and advised him of his right to a preliminary and final revocation hearing, including his rights to be physically present, and his rights under Fed. R. Crim. P. 32.1(b)(2) to counsel, to the disclosure of the evidence against him, and to make a statement and present mitigating information. Dkt. 40 at 1-2. The Agreed Recommended Disposition states that, after consultation with counsel, Mr. Rivera-Bonilla wishes to waive his right to be present at his revocation hearing and also wishes to waive the hearing. *Id.* at 2. The agreed filing further states:

> The parties have conferred in this case and agree that an appropriate resolution of this matter would be to accept Mr. Rivera-Bonilla's plea of true to the alleged violations, revoke Mr. Rivera-Bonilla's term of supervised release, sentence Mr. Rivera-Bonilla to 10 months, and to find that an additional term of one year of supervised release should follow. This disposition is favorable to Mr. Rivera-Bonilla, and the Government is in agreement with it.

*Id.* at 3.

### III.   Findings of the Court

Based on the parties' agreement and the Agreed Recommended Disposition, as well as Mr. Rivera-Bonilla's plea of "True" to the violations of Mandatory Condition No. 1 and Standard

Condition No. 17, the Court finds that Mr. Rivera-Bonilla violated conditions of his supervised release by illegally reentering the United States.

## IV.  Recommendations

Based on the agreement of the Government and the Defendant (Dkt. 40), the Court **RECOMMENDS** that Mr. Rivera-Bonilla's supervised release be **REVOKED** and that he be sentenced to ten (10) months incarceration, with a one-year term of supervised release to follow.

## V.  Objections

Because this is an agreed disposition, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act on it.

**SIGNED** on February 26, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE